[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action in which the plaintiff seeks to foreclose a Mechanics Lien which is filed upon the property of the defendants on October 13, 1988.
The defendants were and are still the owners of the equity of redemption of the premise which the plaintiff seeks to foreclose.
A trial of this matter was held on January 9, 1991. It was stipulated that the Mechanics Lien and the notice of Mechanics Lien to the owner and service of said notice were correct and appropriate. The court finds the following facts:
The defendants hired one Renner doing business as Residential Project Management, in December 1987 to construct a dwelling for them on the premises in question.
Neither of the defendants ever had any conversations with any other workmen or suppliers of materials other than Renner D/B/A Residential Project Management. Neither defendant ever had any conversation or contact, written or otherwise, with the plaintiff.
In July of 1988 the defendants and their bank, the Bank of Hartford, agreed that the project was going slower than planned and the contractor kept asking for more money. However, the defendants said they wanted him to achieve certain goals and complete certain work before he could be paid any more money. In July of 1988 Residential Project Management's equipment was gone and the building materials were removed from the site, the property was locked up and there was a chain across the entrance and Residential Project Management was in total default of the contract. CT Page 2848
The last payment made by the defendants to Residential Project Management was June 9, 1988.
The defendants hired one John Luzzi to complete the house after the default by Residential Project Management and exercised more control over the subcontractor and started paying the subcontractors directly.
The defendants first learned that Residential Project Management was not paying its sub-contractors after it had defaulted and after the last payment they had made to it. Residential Project Management initiated arbitration and there was a counterclaim and the arbitrators decided in favor of the defendants, namely that there was no money due to the contractor. The notice of the plaintiff's Mechanics Lien arrived after Residential Project Management had left the job.
The last payment of June 9, 1988 was made after a meeting of the bank and the defendants and with the approval of the bank.
All of the defendants payment to Residential Project Management were made in good faith, not contrary to the contract. There was no money due Residential Project Management therefore the statutory defense accorded to the defendants under Section 49-36 is available to the defendants since payments were made in good faith to the original contractor before receiving notice of the liens. In addition no payments were made in advance of the time stipulated in the original contract and therefore in good faith.
Judgment may enter for the defendants with costs.
O'CONNELL, J.
Judgment may enter in accordance with the foregoing Memorandum of Decision Clerk